UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KIMBERLY McLEOD SILLAH     *
  2801 Park Center Drive         *
  Unit A-1012                 *
  Alexandria, Virginia   22302    *
                              *
      Plaintiff,               *
                              *
         v.                  *      Civil Action No.
                              *
DISTRICT OF COLUMBIA,      *
  1350 Pennsylvania Avenue, N.W.   *
  Washington, D.C.  20004     *
                              *
      Defendant.            *
                              *

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff Kimberly McLeod-Sillah, a current employee of Defendant District of Columbia, in the Metropolitan Police Department, brings this civil action to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. and of the District of Columbia's Human Rights Act, D.C. Code 2-1401 *et seq*. for unlawful discriminatory treatment resulting in the creation of a hostile work environment because of her sex.   Defendant's actions have caused economic and psychological harm because of Ms. McLeod-Sillah's sex.  Plaintiff seeks appropriate relief.

<u>Jurisdiction and Venue</u>

2. This court has jurisdiction over the claims asserted herein pursuant to 42 U.S.C. §2000e *et seq*. and 28 U.S.C. §1343.

3.  At all time relevant to this Complaint, the actions and inactions of Defendant District of Columbia causing harm to Plaintiff occurred in the District of Columbia.  Therefore, venue is proper in this Court.

Parties

4.  Plaintiff McLeod-Sillah is female.

5.  On July 14, 2003, Plaintiff was hired into the Metropolitan Police Department as a Patrol Officer.

6.   In 2014, Plaintiff was assigned to the 7th District upon completion of the Maurice T. Turner Jr. Metropolitan where she worked under the supervision of Sergeant Laswaun Washington.

7.  Ms. McLeod-Sillah has consistently performed as a Police Officer in an excellent manner.  While supervised by Sgt. Washington, in each of the four (4) annual Performance Evaluations of Ms. McLeod-Sillah's, she was rated as Excellent in every one of her assigned duties, without a single deviation.

8.  Defendant District of Columbia is the government entity responsible for performance of the MPD in protecting DC and in ensuring that MPF operates in compliance with the laws of the United States and of the District of Columbia.

9.  MPD employs over 500 people and is headquartered in the District of Columbia.

Factual Statement

10. After being hired in 2003, Plaintiff was appropriately trained and has received further training during the entire course of her tenure with MPD.

11. Prior to her formal complaints of sexual harassment by Sgt Washington, Plaintiff has never needed to seek the assistance of the formal EEO process.

12. On or about February 7, 2018, Ms. McLeod-Sillah was approached by MPD Lieutenant Craig Royal after he had been informed by a MPD Officer that Plaintiff was in the locker room crying and refusing to go to roll call which Sgt. Laswaun Washington was conducting.

13. In response to the inquiries about the reason for being so distraught, Ms. McLeod-Sillah informed the lieutenant that her immediate supervisor, Laswaun Washington, had been harassing her for over a year.

14. Plaintiff reported that Washington had repeatedly harassed, humiliated, belittled, intimidated, criticized and bullied her in front of her co-workers during roll-call.

15. As a result of Sgt. Washington's behavior, Officer McLeod-Sillah did not want to attend roll-call.

16. Plaintiff's harassment during roll call included name calling, such as "big back".

17. Plaintiff described incidents of repulsive sexual harassment when Washington showed her a video of intensely offensive sexual acts between two men.  Sgt Washington identified one of those men as himself.

18. Prior to that, Sgt Washington had shown Plaintiff a photograph of his own private parts.

19. In shock and not sure how to respond to her supervisor's actions, Ms. McLeod-Sillah feared that offending Sgt. Washington would lead to retaliation.

20. Plaintiff also feared retaliation if she engaged the DC's EEO complaint process.

21. Another video of people using a tool simulating oral sex was also sent to Plaintiff's private phone from Sgt. Washington's cell phone.

22. On the same day Plaintiff wore a wig to work, she received a video of a man in a wig from Sgt. Washington.  Later that evening she received another video from Washington of a man running as he was shouting very explicit sexual language.

23. Other incidents of being belittled in and out of roll call occurred, sometimes using sexual language, such as calling Plaintiff "Big Back."

24. On other occasions outside of roll call, Sgt. Washington would publicly criticize her work.

25. On one occasion while working when she thought it prudent to call for back-up, Washington criticized Plaintiff at roll call as "always hollering over the air, crying for help."

26. It was very embarrassing to me when he would single me out for what he thought was poor performance or use some negative reference about my looks, such as repeatedly referencing my "big back".

27. His negative public criticism of Ms. McLeod-Sillah's work did not fit the formal evaluation of her work which for years were consistently at the level of "Excellent".

28. Sgt. Washington pointing Plaintiff out as the subject of his sexual or derogatory remarks became more and more stressful for her at work.

29. Once Lt. Royal reached out to Plaintiff, she finally believed her job was probably not in jeopardy, but the impact of the abuse she had been receiving remained.

30. On February 7, 2018, Plaintiff was evaluated by clinical psychologist Dr. Mary Kenel who was working in MPD's Medical Services Division, also known as the Police and Fire Clinic (PFC)

31. As a result, Plaintiff was placed on Performance of Duty Sick Leave by Dr. Kenel.

32. On February 15, 2018, Michael Miranda, the Director of MPD's Medical Services Division (PFC), determined that Ms. McLeod-Sillah did report a "compensable injury that arose out of and in the course of her employment."

33. After treatment and efforts to address her injuries, Dr. Kenel met with Plaintiff on April 3, 2018 and determined that Ms. McLeod-Sillah was able to resume her duties, as of April 8th.

34. However, during a follow-up medical evaluation less than ten (10) days later, on April 17, 2018, MPD's Dr. Kenel again determined that Ms. McLeod-Sillah needed to be placed on sick leave due the continuing impact of the previous diagnosis by Dr. Kenel of adjustment disorder with mixed anxiety, depressive mood and anxiety disorder still remaining from the harassment by Plaintiff's supervisor.

35. After another month of recuperation, Ms. McLeod-Sillah was able to resume her full duties as an MPD Officer.

36. On May 4, 2018, Director Miranda evaluated the claim for the additional leave she needed, determining that the further sick time was also the result of a compensable work place injury.

37. On May 2, 2018, the Final Investigative Report was sent to the Director of the Disciplinary Review Board, after the Chief of the Internal Affairs Division and the Director of MPD's EEO Investigative Division Renae Lee signed off in agreement with the sustained finding that Sgt. Laswaun Washington had subjected Ms. McLeod-Sillah to sexual harassment.

38. The summary of the Report was sent to Plaintiff on May 16, 2018.

<u>Exhaustion of Administrative Remedies</u>

39. Plaintiff reported the incidents to MPD on February 7, 2018.  On September 21, Ms. McLeod-Sillah filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.  On October 26, 2018, Plaintiff received EEOC's Notice of Right to Sue.  This timely Complaint follows.

## Claims

COUNT I   Hostile Work Environment Created Against Plaintiff Because of Her Sex

Paragraphs 1 through 39 are incorporated by reference.  The unlawful actions taken against Plaintiff, resulting in the creation of a hostile work environment were committed because of the sex of Ms. McLeod-Sillah in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  2000e *et seq.*

COUNT II   Hostile Work Environment Created Against Plaintiff

Paragraphs 1 through 39 are incorporated by reference.  The unlawful actions taken against Plaintiff, resulting in the creation of a hostile work environment were committed because of the sex of Ms. McLeod-Sillah in violation of the District of Columbia's Human Rights Act, D.C. Code Secs 2-1401 *et seq.*

## Relief Requested

WHEREFORE, Plaintiff Kimberly McLeod-Sillah respectfully requests that this Court:

1.   Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff Kimberly McLeod-Sillah;

2.   Order Defendant to award Plaintiff McLeod-Sillah compensatory damages in an amount of $1,000,000 or as determined by a jury, for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and by the District of

Columbia Human Rights Act.

3.    Order Defendant to pay Plaintiff McLeod-Sillah for any and all other damage caused to

her by the harmful treatment from her supervisor.

4.    Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this

matter; and

5.    Order such additional relief as the Court deems proper and just.

Jury Demand

Plaintiff Kimberly McLeod-Sillah demands a trial by a jury of her peers for all claims

contained herein.

Respectfully submitted,

_____/s/_____

Gary T. Brown
GARY T. BROWN & ASSOCIATES
1775 K St., N.W.
Suite 600
Washington, D.C.,   20006
(202) 393-4900
GTBfirm@GaryTBrown.com
Attorney for Plaintiff Kimberly McLeod-Sillah