UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMBERLY MCLEOD-SILLAH,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA,

    *Defendant.*

No. 19-cv-134 (DLF)

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Kimberly McLeod-Sillah brings this lawsuit against the District of Columbia (the District) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and the District of Columbia Human Rights Act (DCHRA), D.C. Code § 2–1401.01 *et seq.*, Am. Compl., Dkt. 17-1. Before the Court is the District's Motion to Dismiss Counts III and IV of the Amended Complaint. Dkt. 21. For the reasons that follow, the motion will be granted in part and denied in part.

**I.    BACKGROUND[1]**

    Kimberly McLeod-Sillah has worked as a patrol officer for the District of Columbia Metropolitan Police Department (MPD) since 2003. Am. Compl. ¶¶ 1, 10. In February 2018, McLeod-Sillah reported to MPD that her immediate supervisor, Sergeant Laswaun Washington, was sexually harassing her. *See id.* ¶¶ 13, 28–29. After an investigation, MPD issued a "Final

---

[1] Unless otherwise noted, the factual allegations below are drawn from McLeod-Sillah's amended complaint. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (courts considering a motion to dismiss must "accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor").

Investigative Report" in May 2018 that "sustained" McLeod-Sillah's allegations against Sergeant Washington, and it referred the report to MPD's Disciplinary Review Board. *Id.* ¶¶ 36, 38. After this report was issued, MPD assured McLeod-Sillah that Sergeant Washington would not return to the Seventh District, her work location, absent "clearance by a higher-level manager" as well as notice to district administrators. *Id.* ¶ 39.

Unsatisfied with that resolution, McLeod-Sillah filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on September 21, 2018, and she received a Notice of Right to Sue from the EEOC on October 26, 2018. *Id.* ¶ 50. McLeod-Sillah timely filed this lawsuit on January 21, 2019, asserting Title VII and DCHRA hostile work environment claims based on sex. Compl., Dkt. 1.

Notwithstanding MPD's earlier assurances, on February 12, 2020—while this lawsuit was pending—McLeod-Sillah was informed that Sergeant Washington was present at the Seventh District police station. Am. Compl. ¶ 40. This information greatly distressed McLeod-Sillah, and it led her to ask MPD to grant her "ghost leave"[2] so that she could arrive late to work that day. *Id.* ¶¶ 41–42. This request was granted. *Id.* ¶ 42.

Four days later, however, Sergeant Derek Dude, one of McLeod-Sillah's supervisors, mentioned at roll call that someone had called in sick because of an EEO complaint. *Id.* ¶¶ 44, 49. While he did not use McLeod-Sillah's name, Dude provided enough details to make it clear to many of the officers present that he was referring to McLeod-Sillah. *Id.* ¶ 45. He then announced that officers would no longer be allowed to use "ghost leave" for any reason, *id.* ¶ 46, and "connect[ed] that reduction" in available leave to McLeod-Sillah's "EEO complaint," *id.* In

---

[2] "Ghost leave" appears to be a practice within MPD of allowing an officer to arrive late to work due to an unexpected delay. *See* Am. Compl. ¶ 42.

response to questions, Dude suggested that McLeod-Sillah's allegations against Sergeant Washington were "unfounded" and identified the EEO counselor who processed her EEO claim, who was also present at the roll call. *Id.* ¶¶ 47–48. This led to further discussion of McLeod-Sillah's EEO complaint. *See id.* ¶ 47.

Shortly after Sergeant Dude's comments, McLeod-Sillah amended her complaint on March 26, 2020, to include a retaliation claim under Title VII and a retaliation claim under the DCHRA, both of which were based on Sergeant Dude's comments. *See* Dkt. 17. On April 23, 2020, the District moved to dismiss these two retaliation claims. Def.'s Mot. to Dismiss.

## II.     LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint need not contain "detailed factual allegations," but alleging facts that are "merely consistent with a defendant's liability. . . stops short of the line between possibility and plausibility." *Id.* (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d

3

471, 476 (D.C. Cir. 2012) (per curiam) (internal quotation marks omitted). But the assumption of truth does not apply to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). An "unadorned, the-defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself, documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Because "Title VII's exhaustion requirements are not jurisdictional," *Artis v. Bernanke*, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011), "a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is the appropriate vehicle to challenge an alleged failure to exhaust administrative remedies under Title VII," *Mahoney v. Donovan*, 824 F. Supp. 2d 49, 58 (D.D.C. 2011) (internal quotation marks omitted).

### III. ANALYSIS

The District moves to dismiss Counts III and IV of the amended complaint on causation grounds. The District also moves to dismiss Count III for failure to exhaust administrative remedies. The Court will address each in turn.

#### A. Causation

Title VII's anti-retaliation provision forbids employer actions that discriminate against an employee because she has opposed a practice that Title VII forbids. 42 U.S.C. § 2000e-3(a). To

4

establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) that she engaged in statutorily protected activity, (2) that she was subjected to a materially adverse employment action, and (3) that there is sufficient evidence to infer a causal connection between the protected activity and the employment action.  *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007) (per curiam).  The DCHRA requires the same showing.  *See McCaskill v. Gallaudet Univ.*, 36 F. Supp. 3d 145, 154 (D.D.C. 2014); *Howard Univ. v. Green*, 652 A.2d 41, 45 (D.C. 1994).

      The District does not dispute that both McLeod-Sillah's filing of an internal EEO complaint in February 2018 and her EEOC charge in September 2018 constituted protected activity.  *See* Def.'s Mot. to Dismiss at 5; *see also Richardson v. Gutierrez*, 477 F. Supp. 2d 22, 27 (D.D.C. 2007) ("It is well settled that Title VII protects informal, as well as formal, complaints of discrimination.").  Nor does the District dispute that Sergeant Dude's discussion of her 2018 EEO claim was a materially adverse employment action.  *See* Def.'s Reply at 1, Dkt. 24; *see also Mitchell v. District of Columbia*, 304 F. Supp. 3d 110, 117 (D.D.C. 2018) ("A materially adverse employment action in the retaliation context is one that would dissuade a reasonable worker from making or supporting a charge of discrimination.") (internal quotation marks omitted).  It contests only the third element, causation.  Def.'s Mot. to Dismiss at 3.

      "[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer."  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).  This element may be established by either direct evidence or inference.  *See Baker-Notter v. Freedom Forum, Inc.*, No. 18-cv-2499, 2019 WL 4601726, at *7 (D.D.C. Sept. 23, 2019).  "The initial burden for a plaintiff facing a motion to dismiss is therefore not incredibly high, as 'the plaintiff need only establish facts

5

adequate to permit an inference of retaliatory motive.'" *Id.* (quoting *Forman v. Small*, 271 F.3d 285, 299 (D.C. Cir. 2001)).

The District argues McLeod-Sillah has not satisfied this burden because the alleged adverse action here took place "nearly two years after" her initial EEO complaint was filed. Def.'s Reply at 1.  And if the only possible causal inference that might be drawn from the complaint was from temporal proximity alone, *see Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006) (noting the causation element may be satisfied by showing that "the employer had knowledge of the employee's protected activity, and the adverse personnel action took place shortly after that activity" (internal quotation marks and alteration omitted)), then the District would be correct, *see McIntyre v. Peters*, 460 F. Supp. 2d 125, 133 (D.D.C. 2006) (collecting cases for the proposition that D.D.C. judges have "often followed a three-month rule to establish causation on the basis of temporal proximity alone").

But while "temporal proximity is one way of proving causation," it is "not the only way." *Craig v. District of Columbia*, 881 F. Supp. 2d 26, 35 (D.D.C. 2012).  Instead, a plaintiff "may rely on other evidence to prove causation, including statements made by her superiors."  *Id.* Here, Sergeant Dude spoke openly about McLeod-Sillah's EEO claim in front of her colleagues, *see* Am. Compl. ¶¶ 44–45, and he described her allegations against Sergeant Washington as "unfounded," *id.* ¶ 48.  Sergeant Dude also suggested that McLeod-Sillah's EEO claim was the reason why officers would no longer be allowed to take "ghost leave."  *Id.* ¶¶ 46, 49.  While the District argues that Dude's comments "could just have well been made for legitimate reasons," such as dissatisfaction with officers' abuse of MPD's "ghost leave" policy, *see* Def.'s Mot. to Dismiss at 5–6, a causal connection between the 2018 EEO claim and Sergeant Dude's comments "is plausible on its face" in light of these factual allegations, *see Twombly*, 550 U.S. at

6

570.  McLeod-Sillah has sufficiently cleared the "low bar" of establishing facts adequate to permit a plausible inference of retaliatory motive.  *See Baker-Notter*, 2019 WL 4601726, at *7.  Accordingly, the Court will not dismiss Count III or Count IV on causation grounds.

### B.     Exhaustion

"Title VII complainants must timely exhaust their administrative remedies before bringing their claims to court."  *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (internal quotation marks and alterations omitted); *see also* 42 U.S.C. § 2000e-16(c).  The exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision," *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks and alteration omitted), and it "ensure[s] that the federal courts are burdened only when reasonably necessary," *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).  When a plaintiff alleges that she was the victim of a "discrete retaliatory or discriminatory act," the timeliness inquiry focuses on that particular act, even if it is related to acts alleged in timely-filed charges.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

McLeod-Sillah filed her EEOC charge relating to her hostile work environment claims in September 2018.  Am. Compl. ¶ 50.  The EEOC charge did not and could not contain any allegations of retaliation based on Sergeant Dude's comments because he did not make the statements until February 2020.  *See id.* ¶¶ 40–49.  The District has not received notice that McLeod-Sillah subsequently filed any new administrative charges, *see* Def.'s Mot. at 7, and she does not contend otherwise.

McLeod-Sillah failed to respond to the District's failure to exhaust argument, so the Court may treat it as conceded.  *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003).

And at any rate, McLeod Sillah's initial EEOC charge cannot be stretched to include a claim for retaliation because "subsequent retaliatory acts do require new administrative charges." *Brokenborough v. District of Columbia*, 236 F. Supp. 3d 41, 57 (D.D.C. 2017), *see also Clark v. Johnson*, 206 F. Supp. 3d 645, 658 (D.D.C. 2016). Accordingly, the Court will dismiss her Title VII retaliation claim (Count III) for failure to exhaust administrative remedies.

For the above reasons, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 21, is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that Count III is **DISMISSED**. It is further

**ORDERED** that the defendant's Motion to Stay, Dkt. 26, is **DENIED** as moot. It is further

**ORDERED** that on or before November 11, 2020, the parties shall file a joint status report proposing a schedule for further proceedings.

October 14, 2020

DABNEY L. FRIEDRICH
United States District Judge

8